Kenneth N. Frucht (SBN 178881)
Frederick J. Geonetta (SBN 114824)
GEONETTA & FRUCHT, LLP
100 Montgomery Street, Suite 1600
San Francisco, CA 94104
Tel: (415) 433-4589
Fax: (415) 392-7973

*Attorneys for Plaintiff James Porter*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES PORTER, | CASE NO.: |
| Plaintiff, | |
| v. | |
| CITY OF SANTA ROSA, ERIC LICHTFIELD, BLAKE DELZELL, MARK FAJARDIN, SONOMA COUNTY, and DOES 1-25, inclusive, | COMPLAINT FOR DAMAGES (42 U.S.C. § 1983) |
| Defendants. | JURY TRIAL DEMANDED |

Plaintiff JAMES PORTER ("Plaintiff") alleges as fillows:

## I.   JURISDICTION AND VENUE

1.   This is a civil rights action and this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 1983. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a)

2.   Venue is proper in the Northern District of California under 28 U.S.C. 1391(b) because a substantial part of the events or omissions giving rise to the claims in this action occurred within this District.

## II.   PARTIES

3.   At all times relevant hereto, Plaintiff James Porter ("PORTER") was a resident of

1

**COMPLAINT FOR DAMAGES**

Petaluma.

4. Defendant, City of Santa Rosa ("CITY"), is and was at all times herein mentioned, a public entity duly organized and existing under the law of the State of California. Defendant CITY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the Santa Rosa Police Department and its agents and employees. At all times relevant to the facts alleged herein, Defendant CITY was responsible for ensuring that the actions, omissions, policies, procedures, practices and customs of the Santa Rosa Police Department and its employees and agents complied with the laws and the Constitution of the United States and of the State of California.

5. Defendant Blake Delzell ("DELZELL") was at all times herein mentioned a police officer of the Santa Rosa Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his personal capacity.

6. Defendant Mark Fajardin ("FAJARDIN") was at all times herein mentioned a police officer of the Santa Rosa Police Department. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein. He is being sued herein in his personal capacity.

7. Defendant Eric Licthfield ("LICTHFIELD") was at all times herein mentioned a Sergeant of the Santa Rosa Police Department. Plaintiff is informed and believes and thereupon alleges that LICTHFIELD was charged by law and responsible for the supervision and control of officers DELZELL and FAJARDIN, and was responsible for investigating, accounting and reporting his subordinates conduct to their superiors. In that capacity he was acting under color of state law during the relevant acts and omissions alleged herein and was directly responsible for the supervision of Defendants DELZELL and FAJARDIN, and is being sued herein in both his personal and in his official capacity.

8. Defendant Sonoma County ("COUNTY") is and was at all times herein mentioned, a public entity duly organized and existing under the law of the State of California. Defendant

**COMPLAINT FOR DAMAGES**

COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the Sonoma County Jail and its agents and employees. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for ensuring that the actions, omissions, policies, procedures, practices and customs of the SONOMA COUNTY JAIL its employees and agents complied with the laws and the Constitution of the United States and of the State of California.

9. Plaintiff is ignorant of the true names and capacities, whether individual, corporate or otherwise, of DOES 1-25, and herein and prays leave of the Court to insert the true names and capacities of such Defendants when they become known or are ascertained, together with appropriate charging allegations. Defendant Does 1-25, were at all times mentioned herein CITY employees and supervisors. They were charged by law and were responsible for the supervision of other employees CITY employees, and were responsible for investigating, accounting and reporting their subordinates conduct to the superiors.

10. Plaintiff is informed and believes and thereon alleges that each of the Defendants named herein was the agent, employee or representative of each of the other defendants, and in doing the things herein mentioned, were acting in the course and scope of such agency and/or employment. It is further alleged that each of the Defendants, in doing the acts or omissions complained of herein, acted or omitted to act in concert as agents of and/or on behalf of the other defendants named herein, and authorized, ratified, and aided and abetted the doing of the acts alleged herein, and proximately caused Plaintiff's damages as herein alleged while acting in such capacity.

### III.   STATEMENT OF FACTUAL ALLEGATIONS

11. Plaintiff is an African American man who, in March 2011 was separated from his wife and involved in ongoing divorce proceedings.

12. On March 25, 2011 Plaintiff was at a residence in in Santa Rosa, California. On that day Defendants DELZELL and FAJARDIN went to a residence where Plaintiff was staying. Defendants did not have a warrant authorizing them to search, seize or arrest Plaintiff.

**COMPLAINT FOR DAMAGES**

13.     Plaintiff is informed and believes and thereupon alleges that Defendants DELZELL and FAJARDIN had communicated with Plaintiff's ex-wife, and that she had told them that she had obtained a Temporary Restraining Order ("TRO") against Plaintiff, that Plaintiff had been served with the TRO, and that Plaintiff had violated the TRO. Plaintiff is informed and believes and thereupon alleges that Defendants conducted no investigation to determine the truth of anything they were told by Plaintiff's ex-wife.

14.     In fact, though Plaintiff knew of the existence of a TRO, he had never been served with, or violated any TRO. Further, Defendants had no information or evidence giving them probable cause to believe that Plaintiff had been served with or violated a TRO.

15.     Defendants DELZELL and FAJARDIN knocked on the door and when Plaintiff opened the door, they asked Plaintiff to identify himself. When Plaintiff identified himself, Defendants asked him if he was the owner of a vehicle that was parked outside. When Plaintiff answered affirmatively, Defendants ordered Plaintiff out of the residence, searched the residence, and then placed him in handcuffs. Defendants then questioned Plaintiff about his ex-wife and the TRO. Plaintiff told Defendants that he had never been served with a TRO, and that he had not violated any TRO. Defendants ignored what Plaintiff told them. Indeed, Defendants told Plaintiff that they knew that he had not been served with a TRO, but stated that his knowledge of the existence of the TRO was sufficient. Defendants thereafter transported Plaintiff to the Sonoma County jail where he was charged with violating the TRO, and falsely imprisoned until April 5, 2011.

16.     Defendants did not have probable cause to arrest Plaintiff at any time on March 25, 2011. Charges against Plaintiff were subsequently dropped.

17.     After Plaintiff was arrested and taken to the Sonoma County jail, his wife and another person broke into Plaintiff's car and home and stole legal papers and professional tools. Subsequent reports to the Santa Rosa Police Department regarding the theft of Plaintiff's property by his wife were ignored and not investigated. Plaintiff is informed and believes and thereupon alleges that Defendants knew of, were aware of, facilitated and/or turned a blind eye to the theft of

Plaintiff's property by his wife.

18. Plaintiff is informed and believes and thereupon alleges that Defendant LICTHFIELD was responsible for supervising DELZELL and FAJARDIN, and not only failed to supervise and correct their violation of Plaintiff's constitutional rights, but approved the actions of DELZELL and FAJARDIN when he knew, or should have known that their conduct with respect to Plaintiff was unlawful and in violation of Plaintiff's constitutional rights.

19. Plaintiff appeared at a court hearing on or about four days after he was arrested. At that hearing the Court informed Plaintiff that no charges were being filed against him.  The presiding judge thereafter orderd Plaintiff released.  However, Defendant COUNTY failed and refused to release Plaintiff from its custody until on or about April 6, 2011.

20. All acts and/or omissions perpetrated by each defendant were engaged in maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff.  Plaintiff is therefore entitled to and does seek punitive damages against the individual defendants

## IV.   DAMAGES

21. As the result of the wrongful and unlawful conduct of the officers and government entities as alleged herein, Plaintiff sustained a loss of income from work in an amount to be determined according to proof.

22. As a further result of the acts and omissions alleged herein,  Plaintiff has suffered and continues to suffer humiliation, fear, embarrassment, emotional anguish and extreme emotional distress in an amount to be determined according to proof.

23. As a further result of the acts and omissions alleged herein,  Plaintiff has been deprived of his rights under the Fourth Amendment to the United States Constitution.

24. Plaintiff will be required to engage in the services of private counsel to vindicate his rights under the United States Constitution and under the laws of the United States of America and the State of California. Plaintiff is therefore entitled to reasonable attorneys' fees and costs if he

5

**COMPLAINT FOR DAMAGES**

prevails in this action.

## FIRST CLAIM FOR RELIEF
(42 U.S.C. 1983 – 4th Amendment)
(Unreasonable Search And Seizure - Against the Individual Defendants and the CITY)

25. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 24 as though fully set forth herein.

26. Defendants detained and arrested Plaintiff without probable cause.

27. The acts and omissions of the Defendants, and each of them, violated rights under the laws and Constitution of the United States including but not limited to his right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.

28. As a proximate result of the conduct of the defendants, Plaintiff was damaged in an amount to be determined by proof at trial.

29. Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is therefore entitled to and does seek punitive damages against the individual defendants.

WHEREFORE plaintiff seeks relief in an amount according to proof at trial.

## SECOND CLAIM FOR RELIEF
(42 U.S.C. 1983 – 4th and 14th Amendments)
(Malicious Prosecution - Against the Individual Defendants and the CITY)

30. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 29 as fully set forth herein.

31. Defendant officers arrested Plaintiff without probable cause, contrived false charges to justify his arrest, submitted false police reports and initiated the criminal prosecution of Plaintiff in bad faith.

32. Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is

therefore entitled to and does seek punitive damages against the individual defendants.

### THIRD CLAIM FOR RELIEF
(42 U.S.C. 1983 – 4th Amendment)
(Unreasonable Search And Seizure - Against The COUNTY and Doe Defendants)

33. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 20 as though fully set forth herein.

34. Defendants detained and falsely imprisoned Plaintiff without probable cause and without justification.

35. The acts and omissions of the Defendants, and each of them, violated rights under the laws and Constitution of the United States including but not limited to his right to be free from unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.

36. As a proximate result of the conduct of the defendants, Plaintiff was damaged in an amount to be determined by proof at trial.

37. Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is therefore entitled to and does seek punitive damages against the individual defendants.

WHEREFORE plaintiff seeks relief in an amount according to proof at trial.

### FOURTH CLAIM FOR RELIEF
(42 U.S.C. 1983 – 14th Amendment)
(Due Process – False Imprisonment Against The COUNTY and Doe Defendants)

38. Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 37 as though fully set forth herein.

39. Defendants detained and falsely imprisoned Plaintiff and kept him imprisoned without due process and without justification.

40. The acts and omissions of the Defendants, and each of them, violated rights under the laws and Constitution of the United States including but not limited to his right to be free from

7

**COMPLAINT FOR DAMAGES**

unreasonable searches and seizures as guaranteed by the Fourth Amendment to the United States Constitution.

41. As a proximate result of the conduct of the defendants, Plaintiff was damaged in an amount to be determined by proof at trial.

42. Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiff. Plaintiff is therefore entitled to and does seek punitive damages against the individual defendants.

WHEREFORE plaintiff seeks relief in an amount according to proof at trial.

### THIRD CLAIM FOR RELIEF
(False Arrest – State Law Claim
Against the Individual Defendants and the CITY)

43. Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 42 above.

44. Defendants' above-described conduct constitutes false arrest.

45. As a proximate result of the conduct of the defendants, Plaintiff was damaged in an amount to be determined by proof at trial.

46. Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiffs. Plaintiff is therefore entitled to and does seek punitive damages against the individual defendants.

WHEREFORE Plaintiff seeks relief in an amount according to proof at trial.

### FOURTH CLAIM FOR RELIEF
(Intentional Infliction of Emotional Distress –
Against the Individual Defendants and the CITY)

47. Plaintiff realleges and incorporates by reference all of the allegations contained in paragraphs 1 through 32 above.

48. The conduct of Defendants, and each of them, as set forth above was extreme and outrageous. Said conduct was intended to cause severe emotional distress to Plaintiff. Defendants,

8
COMPLAINT FOR DAMAGES

by causing the false arrest and imprisonment of Plaintiff, and by making knowingly false and baseless accusations and other statements enumerated above against Plaintiff, conducted themselves in a manner that went beyond all commons notions of decency.  Defendants, and each of them, engaged in conduct intended to humiliate, embarrass, and instill fear in Plaintiff.  Defendants, through their actions and the actions of their agents, directly injured Plaintiff by their failure to act in accordance with common notions of fairness and decency.

49.     The foregoing conduct did in fact cause Plaintiff to suffer extreme emotional distress.  As a proximate result of said conduct, Plaintiff suffered embarrassment, anxiety, humiliation and emotional distress, and will continue to suffer said emotional distress in the future in an amount according to proof at trial.

50.     As a proximate result the conduct of the defendants, Plaintiff was damaged in an amount to be determined by proof at trial.

51.     Defendants engaged in the aforementioned acts maliciously, callously, oppressively, wantonly, recklessly, fraudulently, with deliberate indifference to the rights allegedly violated, despicably and with evil motive and/or intent, and in disregard of the rights of Plaintiffs.  Plaintiffs are therefore entitled to and do seek punitive damages against.

WHEREFORE Plaintiff seeks relief in an amount according to proof at trial.

### FIFTH CLAIM FOR RELIEF
(42 U.S.C. 1983)
(Monell Claim - Against All Public Entity Defendants)

52.     Plaintiff incorporates by reference each and every allegation contained in paragraphs 1 through 71 as fully set forth herein.

53.     Every defendant in his/her official capacity knowingly, or grossly negligently, or with deliberate indifference to the rights allegedly violated, caused to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading, and/or improperly, inadequately, with deliberate indifference to the state and/or federal constitutional or statutory rights of person, grossly

negligently with reckless disregard to state or federal constitutional and/or statutory rights, failed to properly train, to supervise, to retrain if necessary, to monitor, or to take corrective action with respect to the police and with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by Plaintiff pursuant to the principals set for the in *Monell v. New York City Dept. of Social Services* and its progeny.

## DEMAND FOR JURY

PLAINTIFF DEMANDS THAT EACH OF HIS CLAIMS BE TRIED BEFORE A JURY.

## PRAYER

WHEREFORE, plaintiff prays for judgment against all Defendants, and each of them, as follows:

1. For a money judgment representing compensatory damages, general damages, special damages, and other sums according to proof at trial;

2. For a money judgment for mental pain and anguish and emotional distress according to proof at trial;

3. For exemplary damages against the individual Defendants;

4. For injunctive relief and reform of the policies and procedures of the CITY with regards to the detention of persons in the Sonoma County Jail.

5. For attorney's fees and costs of suit, pursuant to 42 USC 1988;

6. For prejudgment and post-judgment interest;

7. For any other remedy that the court deems just and proper.

DATED: October 3, 2011                              GEONETTA & FRUCHT, LLP

                                                    Kenneth N. Frucht
                                                    Attorney For Plaintiff

COMPLAINT FOR DAMAGES

10